UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
QI FEI CHEN, individually and on behalf of
All other Employees similarly situated,

                                        Plaintiff,

        -against-

708 KAM LAI INC., JIAN ZHEN YAN and
"John Doe" and "Jane Doe" (principal owners of
708 KAM LAI INC., names unknown at date of complaint),
And ABC Corp. (fictitious name)

                                  Defendants.
-----------------------------------------------------------------X

**COLLECTIVE & CLASS
ACTION COMPLAINT**

       Plaintiff Qi Fei Chen ("Plaintiff") on his own behalf and on behalf of all other employees similarly situated, by and through his undersigned attorneys, Law Offices of Stephen K. Seung, Esq. complaining against the defendants, 708 Kam Lai Inc.,and ABC Corp (name fictitious) Jian Zhen Yan and "John Doe" and "Jane Doe" (principal owners of 708 Kam Lai Inc., and ABC Corp. names unknown at date of complaint) (collectively "Defendants") alleges the following as and for his complaint:

### INTRODUCTION

1.  This action is brought by Plaintiff on behalf of himself and all other employees similarly situated, against Defendants for alleged violations of the Federal Labor Standards Act, ("FLSA") 29 U.S.C. §N 201 et seq., and of New York Labor Law §§190 et seq. ("NYLL"), arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

### JURISDICTION AND VENUE

2.  This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law claims

pursuant to 28 U.S.C. § 1367(a).

3.  Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

4.  Plaintiff Qi Fei Chen is an individual residing in Brooklyn, New York.

5.  Plaintiff Qi Fei Chen was employed to work as a delivery worker by Defendant's restaurant located at 708 Amsterdam Avenue, New York, NY 10025 from approximately July 2015 to October 2017.

## DEFENDANTS

6.  Defendant 708 Kam Lai Inc. is a domestic business corporation organized under the laws of the State of New York with a principal business address at 708 Amsterdam Avenue, New York, NY 10025.

7.  Upon information and belief, ABC Corp. (name being fictious) was the owner and operator of a restaurant located at 708 Amsterdam Avenue, New York, New York 10025 during the period from 2015 to 2017.

8.  Upon information and belief, Defendant 708 Kam Lai Inc., is a restaurant that had gross annual sales in excess of Five Hundred Thousand Dollars ($500,000).

9.  Upon information and belief while ABC Corp. owned and operated the restaurant tlocated at 708 Amsterdam Avenue, New York, New York 10025, said restaurant had gross annual sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

10. Upon information and belief, Defendant 708 Kam Lai Inc. and ABC Corp. purchased and Handled goods moved in interstate commerce.

11. Upon information and belief, Defendant "John Doe" (name in fictitious and unknown at date of

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
QI FEI CHEN, individually and on behalf of
All other Employees similarly situated,

                                Plaintiff,

        -against-

708 KAM LAI INC., JIAN ZHEN YAN and
"John Doe" and "Jane Doe" (principal owners of
708 KAM LAI INC., names unknown at date of complaint),
And ABC Corp. (fictitious name)

                              Defendants.
------------------------------------------------------------X

**COLLECTIVE & CLASS
ACTION COMPLAINT**

Plaintiff Qi Fei Chen ("Plaintiff") on his own behalf and on behalf of all other employees similarly situated, by and through his undersigned attorneys, Law Offices of Stephen K. Seung, Esq. complaining against the defendants, 708 Kam Lai Inc.,and ABC Corp (name fictitious) Jian Zhen Yan and "John Doe" and "Jane Doe" (principal owners of 708 Kam Lai Inc., and ABC Corp. names unknown at date of complaint) (collectively "Defendants") alleges the following as and for his complaint:

## INTRODUCTION

1.  This action is brought by Plaintiff on behalf of himself and all other employees similarly situated, against Defendants for alleged violations of the Federal Labor Standards Act, ("FLSA") 29 U.S.C. §N 201 et seq., and of New York Labor Law §§190 et seq. ("NYLL"), arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

## JURISDICTION AND VENUE

2.  This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law claims

pursuant to 28 U.S.C. § 1367(a).

3.    Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

4.    Plaintiff Qi Fei Chen is an individual residing in Brooklyn, New York.

5.    Plaintiff Qi Fei Chen was employed to work as a delivery worker by Defendant's restaurant located at 708 Amsterdam Avenue, New York, NY 10025 from approximately July 2015 to October 2017.

## DEFENDANTS

6.    Defendant 708 Kam Lai Inc. is a domestic business corporation organized under the laws of the State of New York with a principal business address at 708 Amsterdam Avenue, New York, NY 10025.

7.    Upon information and belief, ABC Corp. (name being fictious) was the owner and operator of a restaurant located at 708 Amsterdam Avenue, New York, New York 10025 during the period from 2015 to 2017.

8.    Upon information and belief, Defendant 708 Kam Lai Inc., is a restaurant that had gross annual sales in excess of Five Hundred Thousand Dollars ($500,000).

9.    Upon information and belief while ABC Corp. owned and operated the restaurant tlocated at 708 Amsterdam Avenue, New York, New York 10025, said restaurant had gross annual sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

10.    Upon information and belief, Defendant 708 Kam Lai Inc. and ABC Corp. purchased and Handled goods moved in interstate commerce.

11.    Upon information and belief, Defendant "John Doe" (name in fictitious and unknown at date of

complaint) is the owner, officer, director, manager, shareholder, and/or agent of 708 Kam Lai Inc. located at 708 Amsterdam Avenue, New York, NY 10025, and participated in the day-to-day operations of 708 Kam Lai Inc. and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with the above-mentioned corporate defendant (See Exhibit 2).

12. Upon information and belief, Defendant JIAN ZEN YAN is the owner, officer, director, manager, shareholder, and/or agent of 708 Kam Lai Inc., located at 708 Amsterdam Avenue, New York, NY 10025, and participated in the day-to-day operations of 708 Kam Lai Inc. and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with the above-mentioned corporate defendant (See Exhibit 2).

13. Upon information and belief, Defendant JIAN ZEN YAN owns the stock of ABC Corp. and manages and makes all business decisions including but not limited to hiring and firing the employees, the amount in salary the employee will receive and the number of hours the employee will work, and management and/or access to payroll records. (See Exhibit 3)

14. Upon information and belief, Defendant "John Doe" " (name is fictitious and unknown at date of complaint)  is the owner, officer, director, manager, shareholder, and/or agent of 708 Kam Lai Inc., located at 708 Amsterdam Avenue, New York, NY 10025, and participated in the day-to-day operations of 708 Kam Lai Inc. and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with the above-mentioned corporate defendant (See Exhibit 2).

15. Upon information and belief, Defendant "John Doe" (name is fictitious and unknown at date of

3

complaint)owns the stock of ABC Corp. and manages and makes all business decisions including but not limited to hiring and firing the employees, the amount in salary the employee will receive and the number of hours the employee will work, and management and/or access to payroll records. (See Exhibit 3)

16. Upon information and belief, Defendant "JANE DOE" (name is fictitious and unknown at date of complaint) is the owner, officer, director, manager, shareholder, and/or agent of 708 Kam Lai Inc. located at 708 Amsterdam Avenue, New York, NY 10025, and participated in the day-to-day operations of restaurant said location and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with the above-mentioned corporate defendant (See Exhibit 2).

17. Upon information and belief, Defendant "JANE DOE" (name in fictitious and unknown at date of complaint) owns the stock of ABC Corp. and manages and makes all business decisions including but not limited to hiring and firing the employees, the amount in salary the employee will receive and the number of hours the employee will work, and management and/or access to payroll records. (See Exhibit 3).

18. At all times relevant herein, 708 Kam Lai, Inc. and ABC Corp. were and continue to be, "enterprises engaged in commerce" within the meaning of FLSA.

## STATEMENT OF FACTS

19. Defendants committed the following alleged acts knowingly, intentionally and willfully.

20. Defendants knew that the nonpayment of minimum wage, overtime pay, spread of hours pay, unlawful retention of tips, and failure to provide the required wage notice at the time of hiring and failure to provide a correct wage statement with every payment of wages would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

21. From approximately July 2015 to October, 2017, Plaintiff was hired by Defendants to work

4

as a delivery worker for Defendants' restaurant located at 708 Amsterdam Avenue, New York, NY 10025.

22. Defendants did not compensate Plaintiff for all hours worked, did not pay Plaintiff minimum and overtime compensation according to state and federal laws.

23. From approximately July 2015 to October 2017, Plaintiff worked six days per week with Monday off.

24. During this time period, Plaintiff worked from 11:00 am to 11:00pm Tuesday through Saturday and Sunday; and he worked from 11:00 am to 12:00pm on Friday. Therefore, Plaintiff worked approximately 73 hours per week during this period.

25. From 2015 to October 2017, Plaintiff worked six days per week with Monday off.

26. In 2015, Plaintiff was paid a fixed monthly rate of $1,200 regardless the hours worked and he was not compensated for all hours worked.

27. From 2016 to January 2017 Plaintiff was paid a fixed monthly rate of $1,300 regardless of the hours worked and he was not compensated for all hours worked.

28. From January 2017 to October 2017, Plaintiff was paid a fixed monthly rate of $1,400 regardless of the worked and he was not compensated all hours worked.

29. Plaintiff was not required to keep track his time, nor to his knowledge did the Defendant utilize any tracking device, such as punch cards or sign in sheets, that accurately recorded his actual hours worked.

30. Plaintiff regularly worked more than ten (10) hours in a workday. However, Defendants willfully and intentionally failed to compensate Plaintiff with an additional one hour's pay at the full minimum wage for each day his workday exceeded ten (10) hours, as required spread-of-hours pay under New York law.

31. Defendants failed to compensate Plaintiff for minimum wage and/or overtime compensation

5

according to state and federal laws.

32. Defendants did not provide Plaintiff with a wage notice, at the time his hiring, in English and in Mandarin (the primary language identified by Plaintiff), his rate pay, employer's regular pay day, and such other information as required by NYLL §195(1).

33. Defendants failed to maintain accurate records of horus worked by the plaintiff for the period of January 2014 until onor about October 2017.

34. Defendants's conduct extended beyond Plaintiff to all other similarly situated employees.

35. Defendants committed the following alleged acts knowingly, intentionally and willfully.

36. Defendants knew that the nonpayment minimum wages, overtime premium and the "spread hours" premium would economically injure Plaintiff, and the Class Members by their violation federal and state laws.

37. While employed by Defendants, Plaintiff was not exempt under federal or state laws requiring employers to pay employees overtime.

38. The work days Plaintiff and Class Members always lasted longer than 10 hours.

39. Defendants did not provide Plaintiff and Class Members with written notices about the terms and conditions their employment upon hire in relation to their rate pay, regular pay cycle and rate overtime pay.

40. Defendants committed the foregoing acts against the Plaintiff, and the FLSA Collective Action numbers.

41. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiff or other similarly situated employees.

42. Defendants knowingly and willfully operated their business with a policy of not paying

Plaintiff and other similarly situated employees either the FLSA overtime rate ( time and one-half), or the New York State overtime rate ( time and one-half), in violation the FLSA and New York Labor Law and the supporting federal and New York State Department Labor Regulations.

43. Under the FLSA and 19 C.F.R. § 531.35, Plaintiff is entitled to a credit for expenses for tools Of the trade.

44. The governing test regarding the "tools the trade" is stated in the pertinent Department Labor regulations: "if it is a requirement the employer that the employees must provide tools the trade which will be used in or are specifically required for the performance the employer's particular work, there would be a violation of the Act in any workweek when the cost such tools purchased by the employees cuts into the minimum or overtime wages required to be paid him under the Department of Labor Regulations" 29 C.F.R. § 531.35.

45. Defendants knowingly and willfully operated their business with a policy not reimbursing Plaintiff for expenses incurred in relation to tools the trade used by Plaintiff in order to deliver food to customers of Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

46. Plaintiff brings this action individually and on behalf all other and former non-exempt employees who have been or were employed by the Defendants at their restaurant locations for up to the last three (3) years, through entry judgment in this case (the "Collective Action Period") (the "Collective Action Members"). Upon information and belief, the Collection Action Members are so numerous the joinder all members is impracticable. The identity and precise number such persons are unknown, and the facts on which the calculations that number may be ascertained are presently within the sole control the Defendants. Upon information and belief, there are more than forty (40) Collective Action members, who have worked for or have continued to work for the Defendants during the Collective Action Period,

7

most whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge their claims. Therefore, Plaintiff submits that this case should be certified as a collection action under the FLSA, 29 U.S.C. 16(b).

47. Plaintiff will fairly and adequately protect the interests the Collective Action Members, and have retained counsel that is experienced and competent in the field of employment law. Plaintiff has no interests that are contrary to or in conflict with those members this collective action.

48. This action should be certified as collective action because the prosecution separate action by individual members the collective action would risk creating either inconsistent or varying adjudication with respect to individual members this class that would as a practical matter be dispositive the interest the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

49. A collective action is superior to other available methods for the fair and efficient adjudication this controversy, since joinder all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden individual litigation makes it virtually impossible for the members the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management this action as collective action.

50. Questions of law and fact common to members the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions fact common to Plaintiff and other Collective Action Members are:

(a) Whether the Defendants employed Collective Action members within the meaning the FLSA;

8

(b) Whether the Defendants' violations of the FLSA are willful as that term is used within the context the FLSA;

(c) Whether the Defendants failed to pay the Collective Action Members the minimum wage in violation the FLSA and the regulations promulgated thereunder;

(d) Whether the Defendants failed to pay the Collective Action Members overtime wages for all hours worked above forty (40) each workweek in violation the FLSA and the regulation promulgated thereunder;

(e) Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

51. Plaintiff knows no difficulty that will be encountered in the management this litigation that would preclude its maintenance as a collective action.

52. Plaintiff and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## CLASS ACTION ALLEGATIONS

53. Plaintiff bring their NYLL claims pursuant to Federal Rules Civil Procedure Rule 23, on behalf all non-exempt employees of Defendants on or after the date that is six years before the filing the Complaint in this case as defined herein (the "Class Period").

54. All said persons, including Plaintiff are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate pay for each Class Member is also determinable from Defendants' records. For purpose notice and other purposes related to

9

this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P 23.

55. The proposed Class is so numerous that joinder all members is impracticable, and the disposition their claims as a class will benefit the parties and the Court. Although the precise number such persons is unknown, and the facts on which the calculation the number is presently within the sole control the Defendants, upon information and belief, there are more than forty (40) members the class.

56. Plaintiff claims are typical those claims which could be alleged by any member the Class, and the relief sought is typical the relief that would be sought by each member the Class in separate actions. All the Class members were subject to the same corporate practices Defendants, as alleged herein, failing to pay minimum wage, overtime compensation, and "spread hours" compensation. Defendant' corporation wide policies and practices, including but not limited to their failure to provide a wage notice at the time hiring, affected all Class members similarly, and Defendants benefited from the same type unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

57. Plaintiff can fairly and adequately protect the interests the Class and has no interests antagonistic to the Class.

58. A class action is superior to other available methods for the fair and efficient adjudication the controversy, particularly in the context wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute corporate defendants. Class action treatment will permit a large number similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication efforts and expenses that numerous individual actions engender. The losses, injuries, and damages suffered by each the individual Class members are small in the sense pertinent to a class action analysis, thus the expenses and burden

individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication individual litigation claims would result in a great expenditure Court and public resources; however, treating the claims as a class action would result in a significant saving these costs. The prosecution separate actions by individual members the Class would create a risk inconsistent and/or varying adjudications with respect to the individual members the Class, establishing incompatible standards conduct for Defendants and resulting in the impairment class members' rights and the disposition their interests through actions to which they were not parties. The issues in this action can be decided by means common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

59. Upon information and belief, defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear direct or indirect retaliation. Former employees are fearful bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree anonymity which allows for the vindication their rights while eliminating or reducing these risks.

60. There are questions law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a. Whether Defendants employed Plaintiff and the Class within the meaning the New York law;

   b. Whether Defendants paid Plaintiff and Class members the New York minimum wage for all hours worked;

11

c.  Whether Plaintiff and Class members were paid proper overtime compensation for all hours they worked over 40 under the New York Labor Law;

d.  Whether Defendants maintained a policy, pattern and/or practice failing to pay Plaintiff and the Rule 23 Class "spread hours" pay as required by the New York Minimums Wage Order;

e.  Whether Defendants provided wage notices at the time of hiring to Plaintiff and class members as required by NYLL;

f.  Whether Defendants furnished Plaintiff and Class Members correct wage statements with every payment wages as required by NYLL;

g.  At what common rate, or rates subject to common method calculation were and are the Defendants required to pay the Class members for their work.

## STATEMENT OF CLAIM

## COUNT I

### [Violations the Fair Labor Standards Act –Minimum Wage Brought on behalf the Plaintiff and the FLSA Collective]

61. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

62. At all relevant times, upon information and belief Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production "goods" for "commerce," within the meaning  the FLSA, 29 U.S.C. §§206(a) and §§207(a). Further, Plaintiff is a covered employees within the meaning FLSA, U.S.C. §§206(a) and 207(a).

63. At all relevant times, Defendants employed "employees" including Plaintiff, within the meaning FLSA.

64. Upon information and belief, at all relevant times, Defendants have had gross revenues in

excess $500,000.

65. The FLSA provides that any employer engaged in commerce shall pay employees the applicable minimum wage. 29 U.S.C. §206(a).

66. At all relevant times, Defendants had a policy and practice refusing to pay the statutory minimum wage to Plaintiff, and the collective action members, for some or all the hours they worked.

67. The FLSA provides that any employer who violates the provisions 29 U.S.C. §206 shall be liable to the employees affected in the amount their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

68. Defendants knowingly and willfully disregarded the provisions the FLSA as evidenced by failing to compensate Plaintiff and Collective Action Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT II

### [Violation New York Labor Law Minimum Wage
### Brought on behalf Plaintiff and Rule 23 Class]

69. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

70. At all relevant times, Plaintiff was employed by Defendants within the meaning New York Labor Law §§ and 651.

71. Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay the minimum wage shall be liable, in addition to the amount  any underpayments, for liquidated damages equal to the total  such under-payments found to be due the employees.

72. Defendants knowingly and willfully violated Plaintiffs and Class Members' rights by failing to pay them, minimum wages in the lawful amount for hours worked.

13

## COUNT III

**[Violations the Fair Labor Standards Act-Overtime Wage
Brought on behalf the Plaintiff and the FLSA Collective]**

73. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

74. The FLSA provides that no employer engaged in commerce shall employ a covered compensation for employment in excess forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

75. The FLSA provides that any employer who violates the provisions 29 U.S.C. §207 shall be liable to the employees affected in the amount their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 U.S.C. §216(b).

76. At all relevant times, Defendants had, and continue to have, a policy of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, at seq., including 29 U.S.C. §§207(a)(1) and 215(a).

77. Defendants willfully failed to notify Plaintiff and FLSA Collective the requirements the employment laws in order to facilitate their exploitation Plaintiff's and FLSA Collectives' labor.

78. Defendants knowingly and willfully disregarded the provisions the FLSA as evidenced by their failure to compensate Plaintiff and Collective Action Members the statutory overtime rate time and one half for all hours worked in excess forty (40) per week.

## COUNT IV

**[Violation New York Labor Law–Overtime Pay
Brought on behalf Plaintiff and the Rule 23 Class]**

79. Plaintiff re-alleges and incorporate by reference all preceding paragraphs as though fully set forth herein.

14

80. Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay proper overtime compensation shall be liable, in addition to the amount any underpayments, for liquidated damages equal to the total such under-payments found to be due the employees.

81. Defendants' failure to pay Plaintiff and the Rule 23 Class their overtime pay violated the NYLL.

82. Defendants' failure to pay Plaintiff and the Rule 23 Class was wilfull.

## COUNT V

### [Violation New York Labor Law—Spread of Hours Pay]

83. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

84. The NYLL requires employers to pay an extra hour's pay for every day that an employees works an interval in excess ten hours pursuant to NYLL §§190, et seq., and §§650, at seq., and Part 146 Title 12 the Official Compilation Codes, Rules, and Regulations the State New York 12 NYCRR §146-1.6

85. Defendants' failure to pay Plaintiff and Rule 23 Class spread-of-hours pay was wilfull.

## COUNT VI

### [Violation New York Labor Law—Failure to Provide Wage
### Notice at the Time Hiring]

86. Plaintiff re-alleges and incorporates by rem all preceding paragraphs as though fully set forth herein.

87. The Defendants failed to furnish to the Plaintiff at the time of hiring a notice containing the rate or rates pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part the minimum wage, including tip, meal, or lodging

allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one this article; the name the employer; any "doing business as" names used by the employer; the physical address the employer's main office or principal place business, and a mailing address if different; the telephone number the employer, and anything otherwise required by law; in violation the NYLL, § 195(1).

88. Due to the Defendants' violation the NYLL, § 195(1), the Plaintiff is entitled to recover from the Defendants liquidated damages $50.00 per work day that the violation occurred, up to a maximum $5,000.00, reasonable attorney's fees, and costs and disbursements the action, pursuant to the NYLL, §198(1-b).

## COUNT VII
### [Violation New York Labor Law–Failure to Provide Wage Statement]

89. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

90. The Defendants failed to furnish with each wage payment a statement listing: the dates work covered by that payment wages; name employees; name employer; address and phone number employer; rate or rates pay and basis thereof; whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates pay; the overtime rate or rates pay; the number regular hours worked, and the number overtime hours worked; gross wages; deductions; allowances, if any, claimed as part the minimum wage; and net wages; in violation the NYLL, § 195(3).

91. Due to the Defendants' violation the NYL4 § 195(3), the Plaintiff is entitled to recover from the Defendants liquidated damages $250.00 per work day that the violation occurred, up to a maximum $5,000.00, reasonable attorney's fees, and costs and disbursements the action, pursuant to the NYLL, § 198(1-b).

92. The Defendants' NYLL violations have caused the Plaintiff irreparable harm for which

there is no adequate remedy at law.

## COUNT VIII

**[Violation the Fair Labor Standards Act – Failure Reimburse for Expenses relating to Tools the Trade]**

93.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

94.     At all relevant times, Defendants had a policy and practice refusing to reimburse Plaintiff for expenses incurred in relation to tools the trade used by Plaintiff in order to deliver food to customers Defendants.

95.     Defendants failed to pay Plaintiff for expenses incurred in relation to tools the trade. At all relevant times, Defendants had a policy and practice refusing to reimburse Plaintiff for expenses incurred in relation to tools the trade used by Plaintiff in order to deliver food to customers Defendants.

96.     Defendants knew  and/or showed a willful disregard for the provisions  the FLSA as evidenced by their failure to reimburse Plaintiff for expenses incurred in relation to tools  the trade used by Plaintiff when Defendants knew or should have known such was due.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiff in the FLSA claims in this action;

17

(b) Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff and the FLSA class members;

(c) Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff and the FLSA class members;

(d) Declaring that Defendants have violated the record keeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff's and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff and the FLSA class members;

(f) Awarding Plaintiff and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;;

(g) Awarding Plaintiff and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h) Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff and the members of the FLSA Class;

18

(i) Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff and the members of the FLSA Class;

(j) Declaring that Defendants have violated the record keeping requirements of the NYLL with respect to Plaintiff's and the FLSA Class members' compensation, hours, wages; and any deductions or credits taken against wages;

(k) Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff and the FLSA Class members;

(1) Awarding Plaintiff and the FLSA class members damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages, under the NYLL as applicable;

(m) Awarding Plaintiff and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(n) Awarding Plaintiff and the FLSA class members pre-judgment and post-judgment interest as applicable;

(o) Awarding Plaintiff and the FLSA class members the expenses incurred in this action, including costs and attorney's fees; and

(p) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury of all

issues so triable.

Dated:  New York, New York
        March 23, 2018

                                    Law Offices of Stephen K. Seung, Esq.
                                    Attorneys for Plaintiff, Proposed FLSA
                                    Collective and Potential Rule 23 Class

                                    Perry Burkett (PB4936)
                                    2 Mott Street, Suite 601
                                    New York, New York 10013
                                    Tel: (212) 732-0030
                                    Fax: (212) 227-5097
                                    Email: skseungesq@yahoo.com

LHF004 Collective & Class action complaint 032218

20